UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff                        Case No. 1:04:CR-209

vs                                         Honorable Gordon J. Quist
                                                  District Judge

NORMAN DAVID SOMERVILLE

        Defendant
_____/

| Lloyd K. Meyer | Mitchell & Zambon, P.C. |
|---|---|
| Assistant U.S. Attorney | Richard E. Zambon P31927 |
| P.O. Box 208 | Attorney for Defendant |
| 333 Ionia Ave., NW | 507 Waters Bldg. |
| Grand Rapids, MI 49503 | Grand Rapids, MI 49503 |
| (616)456-2404 | (616)456-7831 |

DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES Defendant, Norman David Somerville, by and through his Attorney, Richard E. Zambon, and for his Sentencing Memorandum says as follows:

Defendant objects to Paragraph 47 which adds two levels for possession of hand grenades, Paragraph 48 which adds four levels for possession of a firearm in connection with another felony offense, Paragraph 52 which adds two levels for obstruction of justice, Paragraph 54 which denies defendant acceptance of responsibility and Paragraphs 53, 55 and 57 which total 32 points for the defendant's Total Offense Level.

Mr. Somerville objects to the award of 2 points in Paragraph 47 of the pre-sentence report as he claims never to have possessed any hand grenades. In fact, Paragraph 24 of the pre-sentence report verifies this: ". . .No live grenades were found". Therefore no points should be awarded to Defendant in Paragraph 47.

Defendant objects to the addition of 4 points in Paragraph 48 for Possession of a Firearm in Connection with Another Felony Offense, specifically, Manufacture of Marijuana, pursuant to USSG 2K2.1(b)(5) for the reason that the Defendant did not possess the firearms "in connection with" the manufacturing of marijuana. Guideline § 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense," his base offense level should be increased by four levels. This section can only apply if the Government establishes by a preponderance of the evidence that the defendant possessed or used a gun *in connection with* another felony.(emphasis added)

Sixth Circuit precedent does not, *ipso facto,* support the application of the 2K2.1(b)(5) enhancement merely upon proof that narcotics and firearms were present in the same residence, or even in the same room. There could be a factual scenario such as that noted in an analogous guideline situation in § 2D1.1 where the firearm is an unloaded hunting rifle located in a closet, and the enhancement might not apply. That situation is similar to the facts in this case.

It is important to note the Defendant pled guilty only to the offense of Possession of a Machine Gun contrary to 18 USCA 922(O)(1). The Count of Manufacturing Marijuana was dismissed. Additionally, at the time of the plea proceeding on August 11, 2004, no questions were asked, nor was any statement made by Mr. Somerville, relative to marijuana.

It is also important to note that this is not a case where the main focus of the offense is that of drug trafficking where guns are also present and used for the protection of the drug dealers. This is a case where the offense is that of a person charged with possession of a machine gun and marijuana is merely coincidentally present. This is not a situation where USSG 2D1.1(b)(1) is in effect. Guideline § 2D1.1(b)(1) is directed at an individual convicted of a narcotics offense while in possession of a weapon. Guideline § 2K2.1, the flip side of the guns

and drugs scenario, is directed at an individual convicted of a firearms offense, who possessed that firearm in connection with another felony offense, i.e., distribution of narcotics. Thus, while § 2D1.1(b)(1) deals with possession or presence of a weapon during the commission of a drug offense, § 2K2.1(b)(5) deals with possession of a weapon "in connection with" another felony offense.

Guideline § 2K2.1 requires the court to determine whether the government has satisfied its burden of proof that the gun was possessed "in connection with" the felony drug offense. There is no presumption in § 2K2.1(b)(5) that the defendant's possession was "in connection with" the other felony offense.

The Sentencing Guidelines do not attempt to define the term "in connection with". The Eighth Circuit noted in United States v. Regans, 125 F.3d 685, 686 (8th Cir.1997): Adopting an ordinary meaning approach, most circuits have concluded that the phrase "should be construed as equivalent to the 'in relation to' language of 18 U.S.C. § 924(c)(1)." United States v. Spurgeon, 117 F.3d 641, 643-44 (2d Cir.1997). Equating the two is convenient because the Supreme Court has clarified the meaning of "in relation to" in 18 USCA § 924(c)(1):

"The phrase "in relation to" thus, at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.... Instead, the gun at least must "facilitat[e], or ha[ve] the potential of facilitating," the drug trafficking offense. Smith v. United States, 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)." Consensus in the circuits has developed on the matter: the First, Fourth, Seventh, Ninth, and Tenth Circuits have held that the "in connection with" language of § 2K2.1(b)(5) should be construed as equivalent to the "in relation to" language of

3

18 U.S.C. § 924(c)(1). United States v. Spurgeon, 117 F.3d 641, 643-44 (2d Cir.1997) (citations omitted).

In Spurgeon, the Second Circuit Court of Appeals stated that as long as the presence of the gun was not a mere coincidence but played some role in the felony, an enhancement under § 2K2.1(b)(5) was appropriate. *Id.* at 644. In that case, the firearm was found underneath the defendant's bed in a bag which also contained ammunition and a scale used for measuring drugs. *Id.* at 643. According to the Second Circuit, the presence of the gun in the bag with drug paraphernalia was enough to prove that the gun was used in relation to a felony.

Insofar as the Sentencing Commission has determined that the presence of a firearm in a home under a drug conviction does not *ipso facto* support application of a § 2D1.1 enhancement, so too the presence of drugs in a home under a firearm conviction does not *ipso facto* support application of a § 2K2.1(b)(5) enhancement. U.S. v. Hardin 248 F.3d 489, (C.A.6 (Tenn.),2001).

During the plea taking the Defendant was never asked about, nor did he volunteer any information concerning marijuana. Thus, the issue of marijuana was never proven beyond a reasonable doubt. In U.S. v Harris, No. 03-6202, 03-6255 (6th Cir., February 08, 2005), it was held that mandatory additional sentences for any person who uses or carries a firearm in furtherance of a crime of violence, is not binding on a sentencing court unless the type of firearm is charged in the indictment and proved to a jury beyond a reasonable doubt. There being no proof beyond a reasonable doubt of how the marijuana was involved in the offense to which Defendant pled guilty, the addition of 4 points is improper.

The pre-sentence report mentions marijuana only one time, and then almost as an afterthought. In Paragraph 23 it is stated that the marijuana was located in an area of the main trailer:

4

> "The agents began a search of the property, made a videotape, and took photographs during the course of the search. The main residence on the property was a fifth-wheeler trailer with built-on areas attached. Machine guns, machine gun barrels, smokeless powder, copper end caps with holes, fuses, marijuana and motion detectors were found in one of the built-on areas which also contained several radios. In the main area of the trailer, agents discovered numerous rifles, handguns, a shotgun, assorted ammunition, and videotapes. In another area of the main trailer, agents located eight large marijuana plants, thousands of rounds of belted ammunition, another rifle, and 18 suspected devises of destruction."

This is not a situation where firearms were used to protect the marijuana as is common in the "fortress theory" cases. United States v. Covert, 117 F.3d 940 (6th Cir.1997) (where the gun in question was found in the same container as the drugs). This is more of a situation contemplated by USSG § 2D1.1 where the firearm is an unloaded hunting rifle located in a closet, and the enhancement would not apply.

The marijuana was merely incidental to the underlying charge and was not possessed in connection with the other felony offense of possession of a machine gun. No points should be awarded in paragraph 48.

The Defendant also objects to the award of 2 points in Paragraph 52 which alleges the Defendant obstructed justice. The pre-sentence report alleges that Mr. Somerville wrote a letter to his wife which she transcribed and sent to the court as outlined in Paragraph 37 of the pre-sentence report. In that letter Mr. Somerville allegedly stated that he lied to the Court during his plea taking procedure. Additionally, Mr. Somerville wrote a letter to a local newspaper which somehow endangered the life of his wife. The Defendant argues that his conduct does not amount to obstruction of justice under the Sentencing Guidelines.

The pre-sentence report states in Paragraph 37 that the "defendant provided materially false information to Your Honor while under oath", yet fails to state what the information was that was either 1) material or 2) false. A copy of the letter is attached. There are two sentences

in that letter wherein the Defendant states that it was **not** his intent to make false statements to the court. The pre-sentence report takes these sentences out of context.

In the first instance the Defendant is discussing section VII D of the plea agreement in the fourth paragraph of his letter. That paragraph merely restates the law: the plea agreement is not binding on the court and that no one has made a binding prediction or promise. In his letter to the court the Defendant states that his interpretation of Paragraph VII D of the Plea Agreement is that Mr. Meyer is denying that the made statements "concerning the **likely** sentencing"(emphasis added). It appears from the letter that the Defendant is merely advising the Court that his inducement to co-operate with the authorities and to plead guilty was based on conversations with Mr. Meyer and the Defendant's attorney wherein "likely" sentences were discussed.

In the following paragraph the Defendant refers to Paragraph XI A of the pre-sentence report. That paragraph deals with the fact the Defendant is given use immunity for statements made during his proffer. Apparently the Defendant had a use immunity agreement at one time and the Defendant feels that the use immunity paragraph contained in the Plea Agreement was not as complete. The Court did enter into a colloquy with the Defendant at the time of the Plea concerning this issue(see Pages 21-22 of the Plea Transcript).

In Defendant's letter he is concerned that his apparent prior immunity agreement was more binding on the Government than the one set forth in the Plea Agreement. Rather than discuss that with the Court at the time of the plea, the Defendant did not want to "raise these issues in open court without disclosing the proffer agreement and our substantial cooperation". It appears the Defendant was actually trying to protect himself and others from disclosing his cooperation. This hardly amounts to obstruction of justice and , in fact is the opposite thereof.

Although the pre-sentence report indicates the Defendant "provided materially false information to Your Honor while under oath", Paragraph 37, there is no indication that the Defendant's statements were material or amounted to perjury.  The United States Supreme Court dealt with such a situation and ruled, "Upon a proper determination that the accused has committed perjury at trial, a court may enhance the accused's sentence under § 3C1.1. . . .Perjury is committed when a witness testifying under oath or affirmation gives false testimony concerning a material matter with the willful intent to provide false testimony. Because a defendant can testify at trial and be convicted, yet not have committed perjury--for example, the accused may give inaccurate testimony as a result of confusion, mistake, or faulty memory or give truthful testimony that a jury finds insufficient to excuse criminal liability or prove lack of intent--not every testifying defendant who is convicted qualifies for a § 3C1.1 enhancement. If a defendant objects to such an enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish that the defendant committed perjury. While a court should address each element of the alleged perjury in a clear and distinct finding, its enhancement decision is sufficient where, as here, it makes a determination of an obstruction or impediment of justice that encompasses all of the factual predicates for a perjury finding". U.S. v. Dunnigan  507 U.S. 87, 113 S.Ct. 1111, (U.S.W.Va.,1993)

The matters the Defendant allegedly lied about were not material as they were not designed to substantially affect the outcome of the case.  Dunnigan, supra.  In addressing the materiality requirement, the Courts have specifically held the false statement at issue must be material and nontrivial to the investigation, prosecution or sentencing of the instant offense. United States v. Aideyan*,* 11 F.3d 74 (6th Cir.1993); United States v. Crousore*,* 1 F.3d 382 (6th

7

Cir.1993). "Material" information is that which "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 comment. (n. 5) (Nov. 1, 1994).

The referenced guideline, 3C1.1 states as follows:

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels. USSG, § 3C1.1, 18 U.S.C.A. The guideline commentary includes a laundry list of conduct which both sets forth examples of conduct to which the guidelines would both apply (note 4) and not apply (note 5):

**4.** The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:
**(a)** threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so;
**(b)** committing, suborning, or attempting to suborn perjury;
**(c)** producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding;
**(d)** destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (**e.g.,** shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however, if such conduct occurred contemporaneously with arrest (**e.g.,** attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender;
**(e)** escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding;
**(f)** providing materially false information to a judge or magistrate;
**(g)** providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense;
**(h)** providing materially false information to a probation officer in respect to a presentence or other investigation for the court;
**(i)** other conduct prohibited by obstruction of justice provisions under Title 18, United States Code (e.g., 18 U.S.C. §§ 1510, 1511);
**(j)** failing to comply with a restraining order or injunction issued pursuant to 21 U.S.C. 853(e) or with an order to repatriate property issued pursuant to 21 U.S.C. 853(p).

8

This adjustment also applies to any other obstructive conduct in respect to the official investigation, prosecution, or sentencing of the instant offense where there is a separate count of conviction for such conduct.

**5.** Some types of conduct ordinarily do not warrant application of this adjustment, but may warrant a greater sentence within the otherwise applicable guideline range or affect the determination of whether other guideline adjustments apply (e.g., § 3E1.1 (Acceptance of Responsibility)). However, if the defendant is convicted of a separate count for such conduct, this adjustment will apply and increase the offense level for the underlying offense (i.e., the offense with respect to which the obstructive conduct occurred). See Application Note 8, below.

**T**he following is a non-exhaustive list of examples of the types of conduct to which this application note applies:
**(a)** providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense;
**(b)** making false statements, not under oath, to law enforcement officers, unless Application Note 4(g) above applies;
**(c)** providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation;
 **(d)** avoiding or fleeing from arrest (**see, however,** § 3C1.2) (Reckless Endangerment During Flight);
**(e)** lying to a probation or pretrial services officer about defendant's drug use while on pre-trial release, although such conduct may be a factor in determining whether to reduce the defendant's sentence under § 3E1.1 (Acceptance of Responsibility).

Mr. Somerville's conduct was not a violation of any of the examples listed in Note 4:  he did not threaten, intimidate or coerce any co-defendant, witness or juror, he did not suborn perjury, did not produce false documents destroy evidence, escape or fail to appear for court. Mr. Somerville objects to the allegations in Paragraph 38 that he had anything to do with the alleged threats against Ms. Vega.  Mr. Somerville never intentionally or otherwise caused Ms. Vega to be in fear, he never threatened no intimidated Ms. Vega.

Mr. Somerville did not provide **material** false information to a judge, or fail to comply with any court order.  The type of conduct Mr. Somerville engaged in is not prohibited(Note 5). In fact, Mr. Somerville has cooperated fully with the authorities, has not made any false

statements to law enforcement officers, or provide incomplete or misleading information to the pre-sentence investigator.

No points should be awarded to Mr. Somerville under paragraph 52 for the reason that Mr. Somerville did not obstruct justice. The adjusted Offense Level as set forth in Paragraph 53 should not be 32 points. Eight points should be deducted for the reasons set forth above. The adjusted Offense Level(Subtotal) should be 24.

The Defendant also objects to the failure to award a 3 level downward departure in Paragraph 54 pursuant to USSG 3E1.1. The Defendant clearly qualifies for this reduction. The guideline states as follows:

> **(a)** If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
> **(b)** If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level. USSG, § 3E1.1

The application notes set forth factors to determine if a person qualifies for a reduction:

**1.** In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
**(a)** truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;
**(b)** voluntary termination or withdrawal from criminal conduct or associations;
**(c)** voluntary payment of restitution prior to adjudication of guilt;
**(d)** voluntary surrender to authorities promptly after commission of the offense;
**(e)** voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

**(f)** voluntary resignation from the office or position held during the commission of the offense;
**(g)** post-offense rehabilitative efforts (**e.g.,** counseling or drug treatment); and
**(h)** the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

Suffice it to say that the Defendant has been more than cooperative. He has admitted his mistakes as set forth in the pre-sentence report in paragraphs 39, 40 41, 42, and 43. Mr. Somerville timely notified the government of his intention to enter a plea and saved the government the time and expense of preparing for trial and of a trial itself. Mr. Somerville is eligible to receive not only the two level reduction under USSG 3E1.1(a) but the additional one point reduction under USSG 3E1.1(b).

The pre-sentence investigator wishes to deny the Defendant the reduction for acceptance of responsibility despite the fact that Mr. Somerville has pled guilty and has cooperated with law enforcement. Apparently the pre-sentence investigator believes Mr. Somerville continues to engage in conduct similar to that for which he was indicted. To deny a § 3E1.1 reduction because of continuing criminal activity, the 6th Circuit " 'require(s) that there be some conduct that the court can find that is inconsistent with that specific acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea.' "United States v Tilford*,* 224 F.3d at 868 (6th Circuit 2000)(quoting United States vs Jeter*,* 191 F.3d at 641(6th Circuit 1999)). Otherwise, to extend the denial of acceptance of responsibility reduction to similar criminal conduct before the defendant has been arrested on federal charges is to penalize the defendant for a criminal disposition, not because he has not accepted responsibility to the federally charged conduct.

Prior to the United States Supreme Court deciding the case of U.S. v. Booker, 125 S.Ct. 738, (U.S.,2005), the sentencing guidelines were mandatory. Now the guidelines are advisory. The requirement of the Feeny amendment that the Government must move for an additional one-

11

level departure under USSG 3E1.(b) is no longer mandatory. Mr. Somerville qualifies for this additional reduction: ". . .the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently" The Court should decrease the offense level by 1 additional level." USSG, § 3E1.1, 18 U.S.C.A.

The correct scoring for Paragraph 54 should indicate minus 3 levels. The Total Offense Level in Paragraph 55 is 21. There being no Chapter Four Enhancements (Paragraph 56) the Total Offense Level in Paragraph 57 is 21. This computes a guideline range of 37-46 months.

The correct scoring of the guidelines for Mr. Somerville is as follows:

**Offense Level Computations**

| | | |
|---|---|---|
| 45. | **Base Offense Level:** | **20** |
| 46. | **Specific Offense Characteristic** | **4** |
| 47. | **Specific Offense Characteristics** | **0** |
| 48. | **Specific Offense Characteristics** | **0** |
| 49. | **Cross Reference** | **0** |
| 50. | **Victim Related Adjustments** | **0** |
| 51. | **Adjustments for Role in the Offense**(None) | **0** |
| 52. | **Adjustment for Obstruction of justice** | **0** |
| 53. | **Adjusted Offense Level(Subtotal)** | **24** |
| 54. | **Adjustment for Acceptance of Responsibility** | **-3** |
| 55. | **Total Offense Level** | **21** |
| 56. | **Chapter Four Enhancements:**None | **0** |
| 57. | **Total Offense Level** | **21** |

Defendant also wishes to clarify Paragraph 68 of the pre-sentence report. Defendant would like to add the following to Paragraph 69: Defendant is likely to receive the funds from the sale of the property.

Defendant would also like to reiterate that he has cooperated fully with the authorities in this matter at all times including post-plea. The written plea agreement states that the U.S. Attorney will make a good faith evaluation of the Defendant's cooperation in determining whether to file a motion for reduction of sentence pursuant to USSG 5K1.1 and under Rule 35B of the Federal Rules of Criminal Procedure. The Defendant states that he has cooperated and that his cooperation warrants the U.S. Attorney making the motions for reduction in sentencing as set forth above. The cooperation has been full, complete, continuing and truthful. The Defendant deserves a motion for reduction and the Court's consideration in hearing the motion.

## RELIEF REQUESTED

The Defendant has no criminal history. This includes no juvenile or adult criminal convictions. This places the Defendant in Criminal History Category I. The correct guideline scoring for Criminal History Category I and Offense Level 21 yields a sentencing guideline range of 37-46 months. The Defendant respectfully requests this Court to sentence him in this guideline range. As this is the first conviction of any sort, and the Defendant has cooperated fully with the authorities, the Defendant respectfully requests this Honorable Court to sentence him at the low end of the guideline range and impose a sentence of 37 months.

Respectfully submitted,

March 16, 2005                    /s/Richard E. Zambon_____
                                  Mitchell & Zambon, P.C.
                                  Richard E. Zambon P31927
                                  507 Waters Bldg.
                                  Grand Rapids, MI 49503
                                  (616)456-7831

14