# United States District Court

## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| NORMAN DAVID SOMERVILLE | Case Number: 1:03:CR:239-01 |
| | USM Number: 11612-040 |
| | Richard E. Zambon |
| | Defendant's Attorney |

THE DEFENDANT:
- ☒ pleaded guilty to Count One.
- ☐ pleaded nolo contendere to Count(s)   which was accepted by the court.
- ☐ was found guilty on Count(s)   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 922(o)(1) | September 10, 2003 | One |

Nature of Offense:

Possession of a Machine Gun

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on Count(s)  .
- ☒ All remaining counts and charges are dismissed without prejudice on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment: March 24, 2005

DATED: March 25, 2005

/s/ Gordon J. Quist
HON. GORDON J. QUIST
U.S. DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **eighty (80) months**.

O   The court makes the following recommendations to the Bureau of Prisons:

   The defendant participate in the 500 Hour Residential Drug Treatment Program.

   Defendant receive psychological counseling while incarcerated.

O   The defendant is remanded to the custody of the United States Marshal.
G   The defendant shall surrender to the United States Marshal for this district
   G   at __ a.m./p.m. on _.
   G   as notified by the United States Marshal.
G   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
   G   before 2 p.m. on _.
   G   as notified by the United States Marshal.
   G   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
_____, with a certified copy of this judgment.

United States Marshal

By_____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

G   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

O   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

O   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

G   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

G   The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.
2. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.
3. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $100.00 | $2,000.00 | $ |

G    The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

G    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  | $ | $ |  |
| TOTALS | $ | $ |  |

G    Restitution amount ordered pursuant to plea agreement $_____

G    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

O    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    O    the interest requirement is waived for the  O  special assessment and fine  G  restitution.

    G    the interest requirement for the  G  fine  G  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    G    Lump sum payment of $ _____ due immediately, balance due

   G    not later than _____, or
   G    in accordance with  G  C,  G  D,  G  E, or  G  F below; or

**B**    G    Payment to begin immediately (may be combined with  G  C,  G  D, or  G  F below); or

**C**    G    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    G    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    G    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    O    Special instructions regarding the payment of criminal monetary penalties:

   Defendant shall pay the special assessment and fine in minimum quarterly installments of $25.00 based on Inmate Financial Responsibility Program participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during his period of incarceration, to commence 60 days after the date of this judgment. Any balance due upon commencement of supervision shall be paid during the term of supervision in minimum monthly installments of $25.00, to commence 60 days after release from imprisonment.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

G    Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

G    The defendant shall pay the cost of prosecution.
G    The defendant shall pay the following court cost(s):
G    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.