UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 1:03:CR:239-01

NORMAN DAVID SOMERVILLE,                               HON. GORDON J. QUIST

        Defendant.
_____/

## MEMORANDUM ORDER

The Court has before it Defendant's motion for copies of documents without fee (docket no. 106) and his motion for a copy of the transcript of the November 17, 2004, hearing on his counsel's motion to withdraw (docket no. 107).  Defendant pled guilty on August 11, 2004, to one count of possession of a machine gun in violation of 18 U.S.C. § 922(o)(1).  On March 24, 2005, the Court sentenced Defendant to 120 months, a special assessment of $100, and a fine of $2,880.  Thereafter, Defendant appealed his sentence to the United States Court of Appeals for the Sixth Circuit and is representing himself in the appeal.

In his current motions, Defendant seeks free copies of all documents in the Court's file, in general, and the following documents in particular: (1) all sealed items; (2) all exhibits (including those submitted at the March 24, 2005, sentencing hearing); (3) color copies of all photographs; (4) copies of the signed search and/or arrest warrant; and (5) a copy of the transcript from the November 17, 2004, hearing regarding his counsel's motion to withdraw.

An indigent defendant has a constitutional and statutory right to a free transcript in certain circumstances. See Draper v. Washington, 372 U.S. 487, 495, 83 S. Ct. 774, 779 (1963); United States v. Johnson, 584 F.2d 148, 157 (6th Cir. 1978); 18 U.S.C. § 3006A(e)(1). An indigent defendant is entitled to a free "transcript of prior proceedings when that transcript is needed for an effective defense or appeal." Britt v. North Carolina, 404 U.S. 226, 227, 92 S. Ct. 431, 433 (1971). However, the defendant must establish his indigency, a particular need for the transcript in connection with a subsequent proceeding, and that no alternative device would suffice. See id.

Defendant's indigency has already been established for purposes of the Criminal Justice Act. Because Defendant is representing himself on appeal before the Sixth Circuit, he has a need for certain documents to assist him in taking an effective appeal. The Court finds that Defendant is entitled to free transcripts of the plea hearing and the sentencing hearing. In addition, to the extent that they are in the record, the Court finds that Defendant is entitled to copies of the non-sealed exhibits presented at the sentencing hearing. With regard to sealed documents submitted in connection with the sentencing hearing, the Court finds that Defendant may have a need for such exhibits and is probably entitled to them but that the Government should be permitted an opportunity to respond to this request before the sealed documents are provided to Defendant. Finally, although the need for them is less clear, the Court finds that Defendant is entitled to the transcript of the hearing on the motion to withdraw and a copy of the arrest and/or search warrant.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motions For Copies Of Documents Without Fee (docket nos. 106 and 107) are **GRANTED IN PART**. The Clerk shall provide free copies to Defendant of: (1) the transcript of the August 11, 2004, plea hearing; (2) the transcript of the March

24, 2005, sentencing hearing; (3) the transcript of the November 17, 2004, hearing on the motion to withdraw; (4) the arrest/search warrant; and (5) to the extent they are in the record, non-sealed exhibits presented at the sentencing hearing.

**IT IS FURTHER ORDERED** that the Government shall file a response addressing Defendant's request for free copies of the sealed documents submitted in connection with his sentencing hearing by **June 15, 2005**.

Dated:  June 6, 2005                                    _____/s/ Gordon J. Quist_____
                                                                              GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE